UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHERI ABLES,

                                Plaintiffs,

                     -against-

VICTOR FERNANDEZ RAMOS et al.,

                               Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-cv-07830 (JMA) (SIL)

**FILED
CLERK**

11:15 am, Sep 04, 2025

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On November 19, 2024, Plaintiff filed a motion to remand this action to state court for lack of subject matter jurisdiction, arguing that complete diversity is lacking between the parties. (ECF No. 11.) Defendants opposed this motion, maintaining that there is complete diversity of citizenship and relying upon accompanying declarations and exhibits establishing such diversity. (ECF No. 15.) For the following reasons, Plaintiffs' motion to remand is denied.

Defendants, who removed this case and oppose remand, "bear[ ] the burden of demonstrating the propriety of removal." Porta v. Exactech, Inc., No. 24-CV-2824, 2024 WL 4276490, at *3 (E.D.N.Y. Sept. 24, 2024) (quoting Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004)). In this regard, "[f]ederal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants. This means that if any plaintiff is a citizen of the same state as any defendant, complete diversity does not exist, and diversity jurisdiction is lacking." Battaglia v. Shore Parkway Owner LLC, 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017) (citing 28 U.S.C. § 1332).

Plaintiff's motion to remand argues that complete diversity is lacking in this case because "the membership and citizenship of Defendants Family Dollar LLC and Family Dollar Stores of

New York, LLC have not been established with any competent, admissible evidence." (See ECF No. 11 at 2.) Plaintiff further notes that "[w]ithout providing sworn proof of the 'citizenship' of the Defendants' respective members, the Defendants have failed to establish that the parties are completely diverse." (Id. at 3.) However, since Plaintiff's motion to remand was filed, the parties filed a stipulation allowing Plaintiff to file an amended complaint naming Family Dollar Services, LLC as a new defendant and dismissing without prejudice former defendants Family Dollar LLC, Family Dollar Stores of New York, LLC, and Family Dollar Stores of New York, Inc. (See ECF Nos. 20, 21.) Moreover, as noted in Defendants' notice of removal, "Family Dollar Services, LLC is a North Carolina limited liability company having its principal place of business at 500 Volvo Parkway, Chesapeake, Virgina, the sole member of which is Family Dollar Stores, LLC, a Delaware limited liability company, the sole member of which is Dollar Tree Stores, Inc., [a Virginia corporation]." (ECF No. 1-1 ¶¶ 10, 23.)

Therefore, given that the two defendants whose citizenship was challenged by Plaintiff have now been dismissed from the action upon a stipulation filed by the parties, Plaintiff's arguments in support of remand are now moot. Plaintiff's motion to remand is accordingly denied.[1] The Clerk of the Court is respectfully directed to terminate ECF No. 11.

**SO ORDERED.**

Dated:   September 4, 2025
         Central Islip, New York

                                                 /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes the declarations and exhibits filed in support of Defendants' Opposition to Plaintiff's Motion to Remand, which establish the citizenship of the other current and former Defendants and demonstrate complete diversity of citizenship in this action. (See ECF No. 15; see also ECF Nos. 15-1 through 15-17.)